[693 NYS2d 456]

In the Matter of John C. Lopes, a Suspended Attorney, Resignor.

Second Department, August 16, 1999

#### APPEARANCES OF COUNSEL

*John C. Lopes,* New City, resignor *pro se.*

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for Grievance Committee for the Ninth Judicial District.

#### OPINION OF THE COURT

Per Curiam.

John C. Lopes has submitted an affidavit, dated April 1999,

wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

Mr. Lopes is aware that he is the subject of a pending investigation by the Grievance Committee for the Ninth Judicial District into allegations that he engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law, neglected legal matters entrusted to him, failed to return unearned fees, and failed to cooperate with the Grievance Committee's lawful investigation. He acknowledges that if charges were predicated upon these allegations, he could not successfully defend himself against them on the merits.

Mr. Lopes avers that his resignation is voluntarily rendered, free from coercion and duress, and with a full awareness of the implications of its submission.

Mr. Lopes is aware that the Appellate Division, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for the same. Mr. Lopes is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends accepting Mr. Lopes' resignation as in the best interests of the public. It is noted that nine additional complaints of misconduct have been opened against Mr. Lopes since the June 22, 1998 order of suspension. Mr. Lopes failed to respond to numerous requests by the Grievance Committee concerning those nine matters.

Inasmuch as the proffered resignation conforms with appropriate Court rules, it is accepted, Mr. Lopes is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and McGINITY, JJ., concur.

Ordered that the resignation of John C. Lopes is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John C. Lopes is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

194

Ordered that John C. Lopes shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John C. Lopes is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.